ELIAS H. FRANKLE, RESPONDENT, v. LINCOLN PRIVATE HOSPITAL, A CORPORATION, APPELLANT.

Argued June 26, 1922—Decided January 19, 1923.

Where the business of a corporation, which had only three stockholders, who were also its officers and directors, was conducted by such officers and directors without the formality of holding directors' meetings, and one of the officers who had a fixed yearly salary, payable at the expiration of his yearly term of office, was before the expiration of his term wrongfully prevented by all the other officers, directors and stockholders from performing the duties of his office, in consequence of which he tendered a resignation of his office, which resignation was accepted: *Held,* he was entitled to recover from the corporation the portion of his salary appropriate to the time during which he performed his official duties.

On appeal from the Supreme Court.

For the appellant, *Louis B. Lesser* and *Philip J. Schot-
land.*

For the respondent, *Charles B. Clancy.*

The opinion of the court was delivered by

WHITE, J.   The plaintiff and one Dr. Rothseid, and a
Miss Bennett (the latter a trained nurse), originated and
incorporated the defendant corporation for the purpose of
conducting a private hospital for profit.   The corporation
purchased the equity in Dr. Rothseid's house for use as the
hospital, issuing two-thirds of its capital stock to him in
payment therefor.   The plaintiff put in $3,500 in cash and
received stock therefor.   Miss Bennett also took some stock,
for which she gave her note.   There was no other stock
issued.   There appears to have been but one meeting of the
stockholders or of the directors of the corporation and at
that meeting Dr. Rothseid was made president, the plaintiff
vice-president and treasurer, and Miss Bennett secretary,
and the three of them the directors of the corporation, for
a period of one year and until their successors were elected.

A vital point in the case was whether certain resolutions
were in fact adopted at this first and only corporate meet-
ing.   There was testimony both ways, and, under proper in-
structions from the court, the jury found that the resolutions
had in fact been adopted, because they found for the plaintiff
under instructions that unless there had been such adoption
their verdict must be for the defendant.   The resolutions
were as follows:

"Resolved, that the salary of the president be fixed at
$3,380 per year, payable at the end of the fiscal year, and
that the salary of the vice president and treasurer be fixed
at $1,820 per year, payable at the end of the fiscal year, and
that the salary of the secretary be fixed at $1,250 per year,
payable $50 per month, * * *.

"Further resolved, that the salaries herein fixed for the
president and the vice president and treasurer may be paid

in cash at the time herein fixed or may be credited on the books of the company to the account of said parties, as in the discretion of the board of directors shall be best for the interest of the company, and it is further resolved that neither shall receive cash to the exclusion of the other, but the amount due each shall either be paid in cash to both or be credited on the books of the company to the account of each, and when in the discretion of the board of directors it is advisable to make cash payments on account of said salaries, said payments shall be applied to the payment of the oldest salaries accrued."

The hospital was duly started with the president of the corporation in charge and Miss Bennett, the trained nurse, as the superintendent. From the beginning the three parties in interest appear to have dispensed with the formality of regular directors' meetings, as none were thereafter held. After something over six months had elapsed the plaintiff claims he was practically ousted from his office of vice president and treasurer by the president and the secretary, they being also the only other directors, taking the books of the business out of his custody or preventing his having access to them. He thereupon sold his stock in the corporation to the president, Dr. Rothseid, for the sum of $3,500, the amount which he had originally put in, and resigned as vice president and treasurer, which resignation appears to have been accepted by the other officers and directors of the corporation. The plaintiff then brought suit for his salary for the portion of the year which elapsed prior to the severance of his connection with the corporation.

The learned trial judge, at defendant's request, charged the jury as follows: "That the plaintiff was elected vice president and treasurer for the period ending with the next annual meeting and his salary fixed by the year payable at the end of the fiscal year; plaintiff cannot recover unless he satisfies you by a preponderance of the evidence that he performed his contract to the end of the fiscal year or was wrongfully prevented from performing by the defendant."

Under this charge the jury found for the plaintiff. We must assume, therefore, that the question of whether or not the plaintiff was wrongfully ousted by the defendants from his office before the expiration of the annual term has been finally decided in the affirmative.

The appellant now contends—first, that there is no evidence to support a finding of a wrongful ouster or discharge during the year by the defendant, and second, that even if there were a wrongful discharge the plaintiff is not, under the terms of the resolution above quoted, entitled to recover, because he does not show that the corporation has exercised its option to pay him his salary in cash. We are unable to agree with either of these contentions.

We think there was evidence to support the jury's finding that the plaintiff was in fact ousted from the performance of the duties of his office by the other officers and directors, who were also all the other stockholders of the corporation.

As to appellant's second claim, we incline to think that the portion of the resolution relied upon by it is at most only a privilege on the part of the corporation acting through its board of directors to decide at the end of the year that the specified salaries should be credited or added to the respective interests of the officers in the corporation, instead of being paid in cash in the normal way, and that, therefore, in the absence of proof of such action on the part of the board of directors, the salaries would properly be payable in cash. But apart from this, we are also of opinion that this portion of the resolution contemplated a continuation of the mutual interests of the parties in the corporation, at least during the term for which the various officers were elected, and that it cannot be taken to defeat or defer the right of one of them, whose office and interest in the company has terminated as a result of the fault and with the full acquiescence of all the other officers, directors and stockholders, to be paid his salary for the time during which he performed the duties of the office.

It is to be observed that the defendant's request to charge, above quoted, is in effect based upon the assumption of an

employment of the plaintiff for a fixed term and a wrongful discharge before the expiration of that term, rather than upon his holding an office in the corporation which the other officers were without power to take away from him. It may be that, to a certain extent at least, a false issue was thus presented to the jury. But if this were so such issue was so presented at defendant's request, and, consequently, he cannot now be heard to object to it. *Edgewater & Co.* v. *Valvoline Co.,* 76 *N. J. L.* 789; *Berg* v. *Rapid Motor Vehicle Co.,* 78 *Id.* 724; *Berkowitz* v. *Lyons,* decided by this court at November term, 1922.

But however this may be, the fact remains, and is undisputed, that, whether justified in so doing or not, the plaintiff did resign his office as a result of what the jury found to be a wrongful prevention of his performance of his official duties, and his resignation was accepted. Whether the plaintiff might have recovered if the directors had refused to accept his resignation, and had called upon him to continue in his office until the end of his term, we are not called upon to decide. Having accepted the resignation, however, we think the corporation has consented to a termination of plaintiff's incumbency of the office before the expiration of the full year contemplated by the salary resolution, and having so consented, it cannot properly now claim a breach of the contract in this respect by the plaintiff.

For the reasons above stated the judgment is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, JJ. 8.

*For reversal*—SWAYZE, PARKER, BERGEN, JJ. 3.